M. QUILICHINI SUCRS., INC., y OTROS, demandantes y recurridos, *v.* VILLA INVESTMENT CORP., demandada y recurrente.

*Número:* R-81-299 *Resuelto:* 18 de marzo de 1982

*Carlos A. Quilichini,* abogado de los demandantes y recurridos; *Clara E. López Baralt,* de *Saldaña, López Baralt & Febus-Bernardini,* abogados de la demandada y recurrente.

PER CURIAM: M. Quilichini Sucrs., Inc. poseía en arrendamiento un local comercial por un canon de $350 mensuales. El arrendador vendió el local a la aquí demandada Villa Investment Corp. Ésta le comunicó a Quilichini Sucrs., Inc. que el nuevo canon sería de $1,226.68 mensuales. Quilichini objetó por estar el arrendamiento regulado por D.A.C.O. No obstante, Villa Investment Corp. instó demanda de desahucio y obtuvo sentencia a su favor. El recurso de revisión de Quilichini Sucrs., Inc. fue desestimado por falta de jurisdicción. Villa Investment Corp. instó demanda contra Quilichini Sucrs., Inc. en cobro de dinero para recobrar la diferencia entre los $350 que pagó Quilichini y los $1,226.68 que había fijado como nuevo canon. Obtuvo sentencia por más de $40,000. Embargó bienes de Quilichini Sucrs., Inc. Este Tribunal

revocó la sentencia y Quilichini instó acción para resarcirse por el embargo. Villa Investment invoca como defensa la sentencia dictada por el Tribunal Superior.

■ La Regla 56.1([1]) de Procedimiento Civil dispone que en todo pleito antes o después de sentencia, el tribunal podrá dictar orden provisional para asegurar la efectividad de las sentencias. La Regla 56.3(3)([2]) dispone que si se gestiona el remedio después de la sentencia no se exigirá la prestación de fianza. En todos los demás casos se exigirá para responder por todos los daños y perjuicios que se causen como consecuencia del aseguramiento. De la lectura de la regla se desprende que una parte que opte por usar el mecanismo de embargo para asegurar una sentencia estará expuesta a responder por todos los daños y perjuicios que cause a quien le embargó.

---

([1]) Dispone así dicha regla:

"En todo pleito antes o después de sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial."

([2]) Dispone así la Regla 56.3(3):

"Se podrá conceder un remedio provisional sin la prestación de fianza en cualquiera de los siguientes casos:

(1) . . . . . . . .

(2) . . . . . . . .

(3) Si se gestionare el remedio después de la sentencia.

En caso de que el tribunal conceda el remedio provisional sin la prestación de fianza conforme lo dispuesto en esta regla, podrá excluir en su orden determinados bienes.

En todos los demás casos, el tribunal exigirá la prestación de una fianza suficiente para responder por todos los daños y perjuicios que se causen como consecuencia del aseguramiento. Un demandado o querellado podrá, sin embargo, retener la posesión de bienes muebles embargados por un demandante o reclamante, prestando una fianza por tal suma que el tribunal estime suficiente para responder por el valor de dicha propiedad. El afianzamiento por el demandado de la suma embargada, dejará sin efecto el embargo."

■ La intención de la regla nos parece evidente: el que cause daños mediante un embargo en aseguramiento de una sentencia que no procedía en derecho debe responder por los daños causados. En *Cintrón* v. *Insular Etc., y Balbaño*, 58 D.P.R. 821 (1941), citamos de *Lowande* v. *Otero & Co. et al.*, 14 D.P.R. 571 (1908): ". . . e indudablemente incurre en culpa, el que para asegurar las resultas de un pleito que sigue contra determinada persona, solicita y obtiene del tribunal el embargo de los bienes de su adversario, que después, o por no haber formulado bien la demanda, o por resultar ésta injustificada o temeraria tiene que levantarse forzosamente, después de haber causado infinidad de daños y perjuicios en su crédito o en sus intereses al dueño de los bienes embargados." Siempre hemos tratado de proteger los derechos del que sufre los daños causados por un embargo preventivo cuando resulta que el que embargó no tenía derecho o reclamación justificada. En *Freeman* v. *Tribunal Superior*, 92 D.P.R. 1, 25 (1965), se caracterizó el mecanismo de embargo y sus consecuencias de la siguiente manera: "[n]o obstante el claro derecho a reclamar y obtener estas necesarias medidas provisionales que sólo se dan en funciones de garantía y seguridad de la efectividad o cumplimiento de la sentencia final que pueda definitivamente obtenerse, ellas pueden como hemos dicho, aunque interina o provisionalmente, constituir prácticamente, entre otras cosas: una expropiación procesal sin la debida compensación de bienes y derechos del deudor. . . ." Ante la preocupación de que pueda privarse injustificadamente a una persona del uso y disfrute de su propiedad, la regla ha provisto para que una vez ha desaparecido el embargo, se recobren todas las pérdidas.

■ Una sentencia final dictada a favor del embargante en el pleito en que se trabó el embargo no constituye defensa en una acción posterior por embargo ilegal, pues hemos interpretado que la legalidad de un embargo queda

suspendida luego de interpuesto un recurso de revisión, hasta que la sentencia sea firme. En *Martí* v. *Hernández*, 57 D.P.R. 819, 822 (1940), dijimos: "Desde el momento en que fué interpuesta y hasta que se dió por desistido de ella al apelante, dicha apelación suspendió los efectos de la sentencia a favor de Martí y la cuestión sobre la legalidad o ilegalidad del embargo quedó en suspenso hasta que se resolviera la apelación pendiente." Suspendidos los efectos de la sentencia del tribunal de instancia y no habiéndose decidido de manera firme cuál es el derecho que prevalecerá, el que embarga bienes de la parte perdidosa se expone a tener que responder por los daños que cause. Incurrirá en culpa por asegurar las resultas de un pleito que finalmente resulta injustificado. *Lowande* v. *Otero*, supra, págs. 577 y 578.

 El hecho de que la regla le confiere el derecho a la parte que embarga de trabar embargo sin prestar fianza cuando existe una sentencia final a su favor, no quiere decir que está libre de responder por los daños que cause. En *Blatt & Udell* v. *Core Cell*, 110 D.P.R. 142 (1980), a pesar de que reconocimos la presunción de legalidad que tiene una sentencia dictada en Florida, consideramos necesario exigir fianza para su aseguramiento porque los que lo solicitaron no eran residentes de Puerto Rico. Una vez más se manifestó la preocupación de este Tribunal de proteger al que injustificadamente pueda causársele daños. La Regla 56.3(3) se adoptó para que en casos excepcionales como el de autos, donde la probabilidad de causar daños injustificadamente es menor, se exima de prestar fianza, pero nunca de responder por los daños causados. En las ocasiones que hemos tenido de interpretar la regla hemos sido consistentes con ese propósito.

 Como segundo error la recurrente impugna las partidas concedidas. Alega que los daños concedidos no procedían porque correspondían a daños causados por la

acción de desahucio y no por la de embargo ilegal. En la demanda se solicitó reparación por los cuantiosos daños sufridos en su reputación, y daños económicos. En la alegación número cinco se detallan las partidas reclamadas. El tribunal de instancia hizo las siguientes determinaciones de hecho (pág. 8):

a) hubo pérdida de beneficio bruto en las ventas, ascendientes a $34,855.07. Esta pérdida se debió a que Quilichini Sucrs., Inc. se quedó corto de dinero en efectivo por culpa del embargo trabado en su cuenta corriente. Se vio impedido de adquirir mercancía a mejor precio en el mercado exterior dependiendo exclusivamente del mercado local para continuar con su negocio.

b) hubo una pérdida operacional ascendiente a $20,771.92 atribuible al embargo trabado.

c) Quilichini tuvo que tomar dinero a préstamo para levantar parcialmente el embargo y minimizar los daños, y tuvo que pagar $1,775.72 en intereses.

En la sentencia se condena a la demandada a pagar a la demandante la suma de $69,902.71 por concepto de daños sufridos. No se detalla en concepto de cuáles partidas. Pero ciertamente hay suficiente prueba en los autos para sostener las determinaciones de hecho del tribunal. Es un daño directo y la relación es clara entre el embargo y la pérdida de beneficio bruto. Igualmente ocurre con la pérdida operacional. Las pérdidas operacionales ocurren cuando los egresos son mayores que los ingresos. En el caso de autos, aunque la demandante minimizó gastos, tuvo pérdidas porque el embargo trabado en las cuentas por cobrar pertenecientes a Quilichini impidió que ésta tuviera mayores ingresos. En cuanto a los intereses por el préstamo tomado, éstos son claramente consecuencia directa del embargo trabado. No cabe la alegación de que son remotos.

◾ Tiene razón la recurrente en que los honorarios que proceden en este caso se limitan a los cobrados por

servicios prestados para obtener la disolución del embargo ilegalmente trabado. *R. Muñiz de León & Co.* v. *Melón Hnos. & Cía.*, 56 D.P.R. 330 (1940); *Cruz* v. *Ortiz*, 82 D.P.R. 834 (1961); *Avalo* v. *Cacho, Hoy su Sucesión*, 73 D.P.R. 286 (1952). Sin embargo, no erró el tribunal al conceder la cantidad de $6,000 por ese concepto. Se alegó en la demanda y consta en los autos como *exhibit*, evidencia de que el Lic. Pedro E. Muñiz Ramos facturó a Quilichini Sucrs., Inc. por la cantidad de $12,500 por la totalidad del pleito de cobro de dinero, inclusive la tramitación en el Tribunal Superior y el recurso de revisión en el Tribunal Supremo. Es evidente que el tribunal de instancia concedió la suma que consideró atribuible a las gestiones para levantar el embargo y para que se dejara éste sin efecto.

La Regla 44.3(b) de Procedimiento Civil dispone que el tribunal impondrá a la parte que haya procedido con temeridad el interés legal desde la radicación de la demanda, en casos de daños y perjuicios. *Roldán Medina* v. *Serra*, 105 D.P.R. 507 (1976). Los recurrentes no fueron temerarios por litigar lo que consideraron era una cuestión de derecho novel en esta jurisdicción. *Se modificará la sentencia en cuanto a este aspecto. Los intereses solo proceden desde la fecha de la sentencia.*