*180 TEXTO COMPLETO DE LA RESOLUCIÓN
El Sr. Miguel Fernández Serrano solicita que revisemos la resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, que declaró con lugar la solicitud de aseguramiento de sentencia presentada por la parte demandante. Señala que incidió el tribunal al ordenar que se embargaran sus bienes personales, a pesar de que en la vista sobre aseguramiento de sentencia no se desfiló prueba suficiente que demostrase que procedía descorrer el velo corporativo de la codemandada, Condado Tropical, Inc. Atendidas las circunstancias particulares del caso, denegamos la expedición del auto de certiorari, al concluir que el tribunal no abusó de la discreción que le provee la Regla 56 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 56.
I
El 25 de agosto de 2000, F.A.O., Inc. (FAO) otorgó, a favor de Condado Tropical, Inc., un contrato de arrendamiento con vigencia hasta el 31 de diciembre de 2005, sobre un local de 6,000 pies cuadrados para ser utilizado para un negocio de restaurante. El inmueble arrendado está localizado en la Avenida Ashford en San Juan. El contrato provee un canon de arrendamiento básico de $12,000 mensuales, más otros cargos según detallados en el mismo. Desde mediados del año 2003, Condado Tropical dejó de pagar los cánones de arrendamientos vencidos, pero retuvo la posesión del local. Por ello, el 7 de octubre de 2003, FAO presentó una demanda en cobro de dinero contra "Condado Tropical, Inc", reclamando un total adeudado de $84,480.79.
El 29 de octubre de 2003, FAO presentó una moción en aseguramiento de sentencia solicitando el embargo de bienes de la demandada hasta la suma de $84,480.79. Esta moción le fue notificada a Condado Tropical a la dirección del local arrendado. El 10 de noviembre de 2003, el tribunal emitió una resolución disponiendo "Como se Pide" en cuanto a la moción en aseguramiento de sentencia. El mismo día ordenó a FAO presentar una fianza de $169,000, de conformidad con la Regla 56.3 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 56.3. FAO presentó la fianza requerida, emitida por una compañía de seguros, el 11 de diciembre de 2003. La resolución declarando con lugar la solicitud de embargo fue notificada el 30 de diciembre de 2003 al abogado de la paite demandada, Ledo. Moisés Abréu Cordero (Apéndice, pág. 42).
El 6 de enero de 2004, previo a que Condado Tropical contestara la demanda, el Sr. Miguel Fernández Serrano, Presidente y principal accionista de Condado Tropical, Inc., y su abogado, Lie. Moisés Abréu Cordero, acudieron al local arrendado acompañados de un grupo de empleados de Condado Tropical y removieron todos los bienes muebles que se encontraban en el local arrendado. Posteriormente, Condado Tropical solicitó al tribunal que dejase sin efecto la orden de embargo. Al no recibir contestación a su solicitud, el 29 de enero de 2004, Condado Tropical presentó ante este Foro el recurso de certiorari KLCE-04-00091. FAO se opuso, aduciendo que la solicitud era académica, ya que el 6 de enero previo se habían removido todos los bienes muebles del local y, además, se habían vaciado todas las cuentas bancarias de Condado Tropical. El 22 de octubre de 2004, este Foro emitió sentencia, dejando sin efecto la orden de embargo por no haberse celebrado una vista antes de emitirse la orden de embargo, según requerido por Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 *181 D.P.R. 881 (1991).
Mientras tanto, el 13 de enero de 2004, Condado Tropical contestó la demanda. En esencia, aceptó que continuaba en posesión del inmueble arrendado sin pagar los cánones de arrendamiento, pero adujo como defensa afirmativa la doctrina de exceptio non adimpleti contractus. En particular, alegó que FAO estaba impedida de reclamar los cánones de arrendamiento adeudados, ya que había incumplido con algunas de las cláusulas del contrato de arrendamiento. Además, presentó una reconvención alegando, principalmente, que FAO no había mantenido el elevador del edificio en buen estado de reparación.
El 14 de enero de 2004, FAO solicitó que se le permitiera presentar una demanda enmendada para adicionar como codemandados al Sr. Miguel Fernández Serrano, su esposa y la sociedad de gananciales de éstos, y otras corporaciones operadas por el Sr. Fernández Serrano localizadas en Los Paseos y Borinquen Towers. A esa fecha, el monto adeudado, según la demanda, ascendía a $133,019.44. En la solicitud alegó que procedía descorrer el velo corporativo de Condado Tropical, Inc., y/o de las corporaciones que operan los otros negocios del Sr. Fernández Serrano localizadas en Los Paseos y Borinquen Towers, porque éstas constituyen el álter ego del Sr. Fernández Serrano. Señaló que este último, conociendo la orden del tribunal que proveía para el embargo de los bienes de Condado Tropical, Inc., "acudió subrepticiamente al local comercial arrendado propiedad de FAO el 6 de enero de 2004 y procedió a remover todos los equipos, enseres, utensilios y bienes muebles propiedad de la demandada sujetos al embargo emitido por el Honorable Tribunal". Señaló que "por información y creencia los bienes muebles removidos por la demandada a través y a instancias de el Sr. Miguel Fernández han ido a parar a corporaciones íntimas del Sr. Fernández y/o a negocios de éste relacionados y/o afiliados a Condado Tropical", lo cual constituye fraude al tribunal.
El 30 de enero de 2004, FAO presentó una moción enmendada de aseguramiento de sentencia solicitando una orden de embargo sobre los bienes del Sr. Fernández Serrano hasta la suma de $133,019.44, cantidad adeudada a esa fecha. FAO además solicitó se aceptase un aumento en la fianza de $80,000, de forma que el total de fianza prestada por la parte demandante ascendiese a la suma de $249,000. La solicitud fue acompañada de la referida fianza adicional de $80,000, la cual posteriormente el tribunal aceptó.
El 2 de febrero de 2004, FAO presentó una solicitud de sentencia sumaria, acompañada de evidencia documental para respaldarla, en la cual discute en detalle los hechos alegados por ambas partes y el derecho aplicable a éstos. El 4 de marzo de 2004, la parte demandada solicitó una prórroga para contestar la demanda enmendada y la solicitud de sentencia sumaria. 
El tribunal señaló vista para discutir la solicitud de aseguramiento de sentencia mediante el embargo de bienes del Sr. Fernández Serrano, la cual se celebró el 17 de marzo de 2004. El Sr. Fernández Serrano compareció personalmente y por medio de representación legal separada de la representación legal de las corporaciones codemandadas. Luego de escuchar la evidencia testifical de las paites y evaluar sus argumentos a favor y en contra del embargo solicitado, en corte abierta el tribunal declaró "con lugar" la solicitud de embargo. El 16 de abril de 2004 se emitió la resolución escrita ordenando el embargo sobre los bienes del Sr. Fernández Serrano, hasta la suma de $164,334.70.
Inconforme, el Sr. Fernández Serrano presentó el recurso de certiorari que aquí atendemos, señalando que incidió el tribunal:

“[A]l declarar con lugar la solicitud de embargo en aseguramiento de sentencia bajo la Regla 56 de Procedimiento Civil para ejecutarse sobre bienes personales del Sr. Miguel Fernández a pesar que FAO falló en presentar prueba durante la vista del 17 de marzo de 2004 que estableciera la probabilidad de prevalecer en los méritos de su reclamo de descorrer el velo corporativo de Condado Tropical para así responsabilizar al Sr. Miguel Fernández por la alegada deuda de Condado Tropical con FAO.

*182
[A]l emitir la orden de embargo el 16 de abril de 2004 a base de conclusiones que no están sostenidas con evidencia presentada ni admitida en la vista del 17 de marzo de 2004. ’’

II
Los dos señalamientos de errores están íntimamente relacionados, por lo que los discutiremos en conjunto. Las Reglas 56.1, 56.3 y 56.4 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 56.1, R. 56.3 y 56.4, disponen:

“32a L.P.R.A. § Regla 56.1 Principios generales.

En todo pleito antes o después de sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial. (Énfasis suplido.)

32a L.P.R.A. § Regla 56.3 Fianza.

Se podrá conceder un remedio provisional sin la prestación de fianza en cualquiera de los siguientes casos:

(1)...

(2)...

(3) Si se gestionare el remedio después de la sentencia. ”

En todos los demás casos, el tribunal exigirá la prestación de una fianza suficiente para responder por todos los daños y perjuicios que se causen como consecuencia del aseguramiento. Un demandado o querellado podrá, sin embargo, retener la posesión de bienes muebles embargados por un demandante o reclamante, prestando una fianza por tal suma que el tribunal estime suficiente para responder por el valor de dicha propiedad. El afianzamiento por el demandado de la suma embargada, dejará sin efecto el embargo. (Enfasis suplido.)

32a L.P.R.A. § Regla 56.4 Embargo o prohibición de enajenar.

Si se hubiere cumplido con los requisitos de la Regla 56.3, el tribunal deberá expedir, a moción ex parte de un reclamante, 
 una orden de embargo o de prohibición de enajenar. En el caso de bienes inmuebles, tanto el embargo, así como la prohibición de enajenar se efectuarán anotándolos en el registro de la propiedad y notificándolos al demandado. En el caso de bienes muebles, la orden se efectuará depositando los bienes de que se trate con el tribunal, o con la persona designada por el tribunal bajo la responsabilidad del reclamante. ... ”.

La Regla 56, supra, tiene entre sus propósitos el asegurar la efectividad de las sentencias que puedan eventualmente recaer en el pleito, para así reivindicar la dignidad de la función judicial al evitar que el resultado final del proceso judicial, la sentencia, se convierta en un ejercicio fútil, sin efecto real alguno. Además, dichas órdenes pueden estar dirigidas a mantener el status quo existente al momento de iniciarse el pleito y así evitar que las partes lleven a cabo actos que nulifiquen el dictamen que eventualmente recaiga en el pleito. Vargas v. González, 149 D.P.R. 859 (1999). Para lograr dichos propósitos, las disposiciones de la Regla 56 deben interpretarse con amplitud y liberalidad. En Román Fonseca v. S.L.G, 2003 J.T.S. 131, expuso sobre lo anterior como sigue:
*183 “Nuestro ordenamiento jurídico establece el citado procedimiento con el propósito de asegurar la efectividad de las sentencias y reivindicar así, no sólo la justicia debida a las partes, sino también la dignidad de la función judicial. Stump Corp. v. Tribunal Superior, 99 D.P.R. 179 (1970). Así pues, la facultad conferida por la referida regla es un claro reconocimiento del interés social en que se provean remedios adecuados para el cobro de deudas y reclamaciones, lo que resulta fundamental en una economía como la nuestra, con amplias bases en el crédito personal. Id., a la pág. 184. En atención a ello, las disposiciones que proveen para dicho aseguramiento deben interpretarse con amplitud y liberalidad, concediéndose aquélla que mejor asegure la reclamación y menos inconvenientes ocasione al demandado. Quilinchini Sucrs., Inc., v. Villa Ana Corp., 112 D.P.R. 322 (1982); Freeman v. Tribunal Superior, 92 D.P.R. 1 (1965). (Énfasis suplido.)
El Tribunal Supremo elaboró sobre la naturaleza y propósitos de la Regla 56, supra, en M. Quilinchini Sucrs., Inc. v. Villa Inv. Corp., 112 D.P.R. 322, 324-326 (1982), como sigue:

“La Regla 56.1(1) de Procedimiento Civil dispone que en todo pleito antes o después de sentencia, el tribunal podrá dictar orden provisional para asegurar la efectividad de las sentencias. La Regla 56.3(3)(2) dispone que si se gestiona el remedio después de la sentencia, no se exigirá la prestación de fianza. En todos los demás casos se exigirá para responder por todos los daños y perjuicios que se causen como consecuencia del aseguramiento. De la lectura de la regla, se desprende que una parte que opte por usar el mecanismo de embargo para asegurar una sentencia estará expuesta a responder por todos los daños y perjuicios que cause a quien le embargó. ”

La intención de la regla nos parece evidente: el que cause daños mediante un embargo en aseguramiento de una sentencia que no procedía en derecho, debe responder por los daños causados. En Cintrón v. Insular Etc., y Balbaño, 58 D.P.R. 821 (1941), citamos de Lowande v. Otero & Co. et al., 14 D.P.R. 571 (1908): "... e indudablemente incurre en culpa, el que para asegurar las resultas de un pleito que sigue contra determinada persona, solicita y obtiene del tribunal el embargo de los bienes de su adversario, que después, o por no haber formulado bien la demanda, o por resultar ésta injustificada o temeraria tiene que levantarse forzosamente, después de haber causado infinidad de daños y perjuicios en su crédito o en sus intereses al dueño de los bienes embargados." Siempre hemos tratado de proteger los derechos del que sufre los daños causados por un embargo preventivo cuando resulta que el que embargó no tenía derecho o reclamación justificada. En Freeman v. Tribunal Superior, 92 D.P.R. 1, 25 (1965), se caracterizó el mecanismo de embargo y sus consecuencias de la siguiente manera: "[n]o obstante el claro derecho a reclamar y obtener estas necesarias medidas provisionales que sólo se dan en funciones de garantía y seguridad de la efectividad o cumplimiento de la sentencia final que pueda definitivamente obtenerse, ellas pueden como hemos dicho, aunque interina o provisionalmente, constituir prácticamente, entre otras cosas: una expropiación procesal sin la debida compensación de bienes y derechos del deudor. ...". Ante la preocupación de que pueda privarse injustificadamente a una persona del uso y disfrute de su propiedad, la regla ha provisto para que una vez ha desaparecido el embargo, se recobren todas las pérdidas.
La Regla 56, supra, guarda relación con el derecho sustantivo, en particular los artículos 1044, 1066, 1210, 1230 y 1811 del Código Civil. En Freeman v. Tribunal Superior, 92 D.P.R. 1, 24-26 (1965), al comentar sobre las Reglas de Procedimiento Civil de 1958, el texto de la Regla 56 es similar al de la Regla 56 vigente al presente, el Tribunal Supremo expuso al respecto:
“La Núm. 56 de las Reglas de Procedimiento Civil de 1958, versa sobre Remedios Provisionales y sustituyó la ley para Asegurar la Efectividad de las Sentencias de 1902. En su subdivisión 56.1, primera oración, dispone como principio general en esa materia: "En todo pleito, antes o después de sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia." [Cursivas en original.] Entre esas órdenes provisionales, según se provee en el resto de su texto, el tribunal podrá conceder el embargo, la prohibición de enajenar, la sindicatura y una orden para hacer o desistir de hacer cualesquiera actos específicos.
*184 La base o fundamento jurídico de estas medidas preventivas o provisionales -que principalmente operan como efectiva inmovilización, prohibición o impedimento de poder realizar cierta actividad o facultad que de no existir aquella traba, se verificaría libremente-, surge de las reglas de coriducta jurídico-moral que encierran los Arts. 1044, 1066, 1210, 1230, 1811 de nuestro Código Civil, y que forman el principio de responsabilidad correlativa del deudor -dicho en su sentido lato- a pagar sus deudas ciertas y determinadas, líquidas o liquidables, exigibles por estar vencidas y vivas o subsistentes, diciéndose que con ellas no se priva al deudor de sus bienes o de cosa propia, sino que éstos pertenecen a sus acreedores. ” (Énfasis suplido).
No obstante el claro derecho a reclamar y obtener estas necesarias medidas provisionales que sólo se dan en funciones de garantía y seguridad de la efectividad o cumplimiento de la sentencia final que pueda definitivamente obtenerse, ellas pueden como hemos dicho, aunque interina o provisionalmente, constituir prácticamente, entre otras cosas: una expropiación procesal sin la debida compensación de bienes y derechos del deudor, una hipoteca judicial, una limitación absoluta del derecho de libre disposición y un desmerecimiento en valor de bienes sujetos a ellos.
Ante esas serias consecuencias económicas, la Regla 56.1 establece principios generales con respecto a la concesión de remedios provisionales. Le da discreción al tribunal para concederlos o negarlos; se fijan como criterios en su concesión: (1) que sean provisionales; (2) que tengan el propósito de asegurar la efectividad de la sentencia que en su día se pueda dictar, y (3) que se tomen en consideración los intereses de todas las partes, según lo requiera la justicia sustancial y las circunstancias del caso.
En la argumentación de los señalamientos de errores, el peticionario aduce que, en tanto una orden bajo la Regla 56, supra, impacta el derecho propietario del demandado, ésta debe estar sujeta a requisitos evidenciarios similares a los requeridos para la validez de una sentencia, ya que en ambos casos se debe seguir el debido proceso de ley. Argumenta el peticionario que el ordenar el embargo de sus bienes personales equivale a descorrer el velo corporativo de Condado Tropical, Inc., para lo cual sostiene que no se desfiló prueba robusta y convincente. No nos persuade su posición. Veamos.
En la situación de autos, Condado Tropical ha continuado en posesión del inmueble arrendado, a pesar de que no ha pagado los cánones de arrendamiento y mantenimiento del local desde mediados del año 2003, resultando en una deuda de cerca de $133,019.44, a enero de 2004. Además, habiéndosele notificado a Condado Tropical que el tribunal había emitido una orden de embargo sobre sus bienes muebles, el 6 de enero de 2004 su Presidente y principal accionista, Sr. Fernández Serrano, acudió al local arrendado acompañado de su abogado, un grupo de empleados y camiones y otro equipo y removió los referidos bienes muebles del local, para convertir en fútil e inoficiosa la orden de embargo.
Al ser notificado de la orden de embargo de los bienes de Condado Tropical, Inc., el Sr. Fernández Serrano, como Presidente y principal accionista de dicha corporación, sí estimaba que dicha orden le afectaba adversamente y en grado sustancial, tenía varias alternativas disponibles bajo el estado de derecho vigente en nuestra jurisdicción. En primer lugar tenía disponible el solicitar la reconsideración de la orden de embargo al tribunal, exigiendo la celebración de una vista, según provee la opinión Rivera Rodríguez & Co. v. Lee Stowell, etc., supra. Además, tenía disponible el solicitar al tribunal que determinara la cuantía de la fianza necesaria para levantar la orden de embargo y proceder a prestarla, según es su derecho bajo la Regla 56.3, supra. El Sr. Fernández Serrano optó por no ejercitar ninguna de estas alternativas que tenía disponibles y en violación a la presunción de la corrección de las órdenes judiciales (o abierto reto a la autoridad del tribunal), procedió a remover los bienes muebles del local arrendado.
En el segundo señalamiento de error, el recurrente aduce que no procede la orden de embargo de los bienes del Sr. Fernández porque no se presentó evidencia suficiente para establecer que las cuentas bancadas de Condado Tropical se encontraban vacías y que, luego de removerse los bienes muebles del local arrendado, dicha *185 corporación se encuentra desprovista de capacidad financiera para responder de sus obligaciones contractuales. En su argumentación, el peticionario intima que, para emitir la orden de embargo, el debido proceso de ley requería que durante la vista adversativa el tribunal recibiese prueba de una calidad y suficiencia similar a la necesaria para sostener una sentencia contra el Sr. Fernández por la suma reclamada. No tiene razón.
La garantía constitucional contra interferencia indebida con los intereses propietarios del demandado se cumple, en el caso de una orden de embargo pre-sentencia, mediante la fianza requerida por el tribunal al demandante y la celebración de una vista adversativa con la participación de la persona cuyos bienes serían embargados, previo a emitir la orden de embargo. El interés propietario del demandado está protegido, además, por su derecho de retener o recuperar la posesión de los bienes embargados mediante la prestación de una fianza por la suma que el tribunal estime suficiente para responder por el valor de la propiedad embargada. Regla 56.3, supra. En este caso a la parte demandante se le requirió prestar una fianza por $249,000 para responder de cualquier daño que el embargo pueda ocasionar al Sr. Fernández. 
El recurrente aduce que no se desfiló prueba suficiente para establecer que las cuentas bancarias de Condado Tropical estaban vacías y que ésta no contaba con los recursos para pagar a sus acreedores. Aun cuando ello fuese así, procede la orden de embargo emitida. Veamos.
El texto de la Regla 56.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 56.4, no expone las consideraciones que debe sopesar el tribunal al evaluar una solicitud de orden de embargo. Por consideraciones de derecho constitucional, la opinión en Rivera Rodríguez & Co. v. Lee Stowell, etc., supra, dispuso que, excepto en circunstancias excepcionales, previo a que se emita una orden de embargo, se tiene que celebrar una vista adversativa, cuya celebración ha de ser notificada a la parte que sería afectada por la orden. Este es un requisito de naturaleza procesal, con el cual se cumplió en el caso de autos. En cuanto a las consideraciones de naturaleza sustantiva, la nota al calce Núm. 18 de la referida opinión provee la esencia de lo que debe evaluar el tribunal, exponiendo como sigue:

“A tono con lo resuelto en [Connecticut v.] Doehr, el Comité Asesor Permanente de Reglas de Procedimiento Civil de la Conferencia Judicial sometió en 1991 una enmienda a la Regla 56.4 de Procedimiento Civil en la que incorpora el principio de que la cláusula del debido proceso exige la celebración de algún tipo de vista adversativa antes de privar a un individuo de cualquier derecho de propiedad. Aunque dicha enmienda aún no ha entrado en vigor, su lenguaje resulta ser muy persuasivo. La misma lee como sigue: (Énfasis suplido.)

Regla 56.4 Embargo o prohibición de enajenar.

(a) Ninguna orden de embargo, o de prohibición de enajenar, será expedida sin la celebración de una vista, a menos que,el demandante:

(1) acredite de forma fehaciente que su demanda aduce hechos suficientes para establecer una causa de acción con probabilidad de prevalecer; (Énfasis suplido.)

(2) demuestre tener motivos fundados para temer que de no ser obtenido inmediatamente el embargo, o la prohibición de enajenar, el demandado habrá de enajenar, gravar, desaparecer, o destruir los bienes a ser embargados u otras circunstancias extraordinarias, de manera que no podría satisfacer la sentencia que en su día pueda ser dictada, y (Énfasis suplido.)

(3) cumpla con los requisitos de la Regla 56.3, en el caso de que lo solicitado fuere la prohibición de enajenar.

(b) De no cumplir el demandante con los requisitos antes señalados sólo será expedido el embargo o la 
*186
prohibición de enajenar luego de una vista celebrada después de haber sido citado el demandado, y luego de que el demandante:

(1) establezca la probabilidad que tiene de prevalecer finalmente en los méritos, en caso de embargo y (Enfasis suplido.)

(2) cumpla con los requisitos de la Regla 56.3 en caso de que lo solicitado fuere la prohibición de enajenar. ’’

Al integrar lo provisto respecto al requisito de fianza en la Regla 56.3, supra, con lo antes citado, se desprende que en circunstancias normales, para que proceda el embargo pre-sentencia, el tribunal requerirá la prestación de una fianza suficiente para responder por todos los daños y perjuicios que se causen como consecuencia del aseguramiento de sentencia. El tribunal, además, deberá concluir que de la demanda y de la evidencia recibida en la vista adversativa se desprenden hechos suficientes para establecer una causa de acción con probabilidad de prevalecer en los méritos del caso. También es pertinente, si el demandante demuestra tener motivos fundados para temer que de no proveerse el embargo solicitado, existe riesgo de que el demandado enajene, grave, destruya, haga desaparecer, oculte o remueva de la jurisdicción del tribunal los bienes contra los cuales se pueda ejecutar la demanda; o que existan otras circunstancias extraordinarias que pongan en riesgo que el demandante pueda cobrar la sentencia que en su día sea emitida.
En el caso de autos no existe controversia que el demandado otorgó un contrato de arrendamiento y que desde mediados del año 2003 no ha satisfecho los cánones de arrendamiento, pero se ha mantenido en posesión del inmueble. Además, la actuación del Sr. Fernández, al remover del local arrendado los bienes muebles de Condado Tropical, crea un temor justificado que si no se embargan los bienes del Sr. Fernández, éste lleve a cabo actos para enajenar, gravar, desaparecer, o destruir los mismos, y que no se pueda ejecutar una sentencia contra éstos. Dichos hechos se desprendían del expediente del caso y cumplen con lo requerido para justificar la orden de embargo. La celebración de la vista le proveyó al Sr. Fernández la oportunidad de impugnar los mismos, o presentar evidencia que derrotase las implicaciones de éstos. Concluimos que no incidió el tribunal al emitir la orden de embargo sobre los bienes personales del Sr. Fernández, hasta la suma de $164,334.70. No se cometió el segundo error señalado.
En resumen, las órdenes provisionales bajo la Regla 56, supra, tienen como propósito "asegurar la efectividad de la sentencia y reivindicar así, no sólo la justicia debida a las partes, sino la dignidad de la función judicial. La facultad conferida por la Regla 56.1 con respecto a estos procedimientos es un claro reconocimiento del interés social en que se provean remedios adecuados para el cobro de deudas y reclamaciones." Stump Corp. v. Tribunal Superior, 99 D.P.R. 179, 183-184 (1970). (Énfasis suplido.) Las disposiciones de la Regla 56, supra, deben interpretarse con amplitud y liberalidad para lograr sus objetivos. Román Fonseca v. S.L.G., supra. El permitir que una parte demandada ignore la presunción de corrección de las órdenes judiciales y actúe en forma calculada para alterar las condiciones que existían al presentarse la demanda, y de esa forma convertir en un ejercicio fútil e inoficioso el procedimiento judicial, no se puede justificar. Ello "socavaría injustificadamente el interés social que dicha Regla trata de preservar, interés que resulta ser fundamental en una economía como la nuestra con amplias bases en el crédito personal." Stump Corp. v. Tribunal Superior, supra, pág. 184.
Para satisfacer lo requerido en Rivera Rodríguez & Co. v. Lee Stowell, etc., supra, el tribunal le proveyó al Sr. Fernández una vista adversativa, a la cual éste compareció con su propia representación legal, teniendo así la oportunidad de presentar evidencia y argumentar contra el embargo solicitado. El tribunal ejerció la discreción judicial que le provee la Regla 56, supra, al aprobar el embargo de bienes del Sr. Fernández, para asegurar la efectividad de la sentencia y reivindicar la dignidad de la función judicial. En nuestra apreciación, la actuación del tribunal no constituye un abuso de discreción.
*187 Además de lo anterior, no podemos perder de perspectiva que en el caso de autos, FAO reclama que las otras corporaciones codemandadas, las cuales al igual que Condado Tropical operan negocios de restaurante, también son alter ego del Sr. Fernández y que los bienes sujetos a embargo que se removieron del local arrendado fueron destinados para uso por éstas. En esta etapa procesal, el tribunal no ha resuelto, como una conclusión de derecho, que procede descorrer el velo corporativo de las referidas corporaciones. Esto en su día será determinado por el tribunal de instancia, luego de recibir y aquilatar toda la prueba, según las Reglas de Procedimiento Civil y las Reglas de Evidencia. Sin embargo, al presente existe suficiente base para ordenar el embargo de los bienes personales del Sr. Fernández, dadas las particulares circunstancias que han transcurrido en el caso de autos.
No se cometieron los errores señalados.
III
Por las consideraciones antes expuestas, se deniega la expedición del auto de certiorari.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Laura M. Vélez Vélez
Secretaria del Tribunal