# 2008 DTA 97

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN
PANEL IV**

FARMACIA LA SALUD, INC.
Recurrida

v.

RELIABLE MEDICAL EQUIPMENT, INC.; VICENTE GUZMÁN, JANE DOE Y LA SOCIEDAD
LEGAL DE GANANCIALES COMPUESTAS POR ELLOS; FULANA DE TAL; ABC
Recurrentes

-------------------------------------

RELIABLE MEDICAL EQUIPMENT, INC., VICENTE GUZMÁN, JANE DOE Y LA SOCIEDAD
LEGAL DE GANANCIALES COMPUESTA POR ELLOS; FULANA DE TAL; ABC
Demandante de Tercero-Recurrente

v.

RAÚL SÁNCHEZ RODRÍGUEZ, ZENAIDA GARCÍA LUGO Y LA SOCIEDAD LEGAL DE
GANANCIALES COMPUESTA POR AMBOS
Terceros Demandados-Recurridos

Núm. KLCE-08-00987

San Juan, Puerto Rico, a 17 de julio de 2008

Panel integrado por su Presidente, el Juez López Feliciano,
la Juez Pabón Charneco y el Juez Hernández Serrano

Pabón Charneco, Jueza Ponente

**TEXTO COMPLETO DE LA RESOLUCIÓN**

Comparecen ante nos, mediante recurso de *certiorari,* Reliable Medical Equipment, Inc., en adelante,

Reliable, Vicente Guzmán López, su esposa y la Sociedad de Bienes Gananciales compuesta por ambos, en adelante, Guzmán, y nos solicitan la revisión de una Orden emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicho dictamen, el tribunal *a quo* emitió una Orden de Embargo en contra de Reliable y Guzmán.

Por los fundamentos que se esbozan a continuación, se deniega la expedición del auto solicitado.

# I

Conforme surge del recurso ante nuestra consideración, el 25 de septiembre de 2007, Farmacia La Salud, Inc., en adelante, Farmacia, instó una Demanda sobre incumplimiento de contrato, cobro de dinero y daños y perjuicios contra, entre otras partes, Reliable y Guzmán. Génesis de la acción incoada lo fue un Acuerdo suscrito entre las partes mediante el cual, Farmacia se obligó a prestar ciertos servicios especializados, utilizando un equipo médico sofisticado a pacientes beneficiarios del Plan Medical Card System, Inc., en adelante, MCS. Se alegó que, conforme al Acuerdo, una vez Farmacia prestara sus servicios y los facturara a Reliable, éste facturaría los mismos a MCS, y los pagaría dentro de los siguientes tres (3) días de recibido el pago por parte de MCS. Se planteó:

"...

*8. Durante el período de duración del contrato y sus extensiones, Farmacia ha ofrecido los servicios requeridos bajo contrato y ha facturado a Reliable por los mismos. Dentro de este período, Reliable nunca ha disputado la facturación de Farmacia dentro de los cuarenta días contemplados en el Acuerdo. De hecho, Reliable nunca ha cuestionado ni objetado la factura. Sin embargo, Reliable ha recibido de Farmacia facturas por servicios prestados bajo contrato que se niega a pagar, habiendo recibido el correspondiente pago de MCS. Al 11 de septiembre de 2007, Reliable adeuda a Farmacia la suma de $205,628.70, cantidad que está vencida y es líquida y exigible. Adeuda además, los intereses que dicha suma acumule desde la fecha en que Reliable recibió el pago de MCS.*

*9. Reliable ha incumplido con sus obligaciones bajo el Acuerdo y ha causado daños a Farmacia como consecuencia directa de dicho incumplimiento. La falta de pago por los servicios prestados ha obligado a Farmacia a tomar dinero a préstamo y a efectuar ciertos acomodos financieros que han golpeado a Farmacia económicamente y que son el resultado del incumplimiento de Reliable. Estos daños se estiman en una suma no menor de $113,000.00.*

...".

Véase, págs. 5-6 del Apéndice.

En cuanto a los co-demandados Guzmán, se señaló que eran los únicos accionistas de Reliable, *alter ego*, de Guzmán. Se le solicitó al Tribunal de Primera Instancia ordenara a Reliable al cumplimiento específico de lo pactado en el Acuerdo y, en consecuencia, pagara la suma de $205,628.70; una cantidad no menor de $113,000.00 por concepto de daños, costas y gastos y honorarios de abogado.

A su vez, Farmacia le requirió al tribunal de instancia que, a tenor con la Regla 56 de las de Procedimiento Civil, 32 L.P.R.A. Ap. II, R. 56, previa prestación de fianza y en aseguramiento de la efectividad de la Sentencia, dictara una Orden de Embargo contra los bienes de Reliable y Guzmán.

A tales efectos, y junto con la Demanda, Farmacia presentó escrito intitulado *"Moción Solicitando Orden de Embargo en Aseguramiento de Sentencia bajo la Regla 56 de Procedimiento Civil"*.

Reliable y Guzmán instaron alegación responsiva. Trabada la controversia entre las partes, el 6 de febrero de 2008, Farmacia presentó un nuevo escrito solicitando se dictara una Orden de Embargo. Mediante el mismo, hizo un recuento del tracto procesal del caso y de los problemas que estaba confrontando con Reliable. Surge del escrito que el 12 de diciembre de 2007 se celebró una vista de embargo preventivo en aseguramiento de Sentencia. Concluida la vista, el Tribunal de Primera Instancia entendió prudente no conceder la Orden de Embargo solicitada, pues conceptuó que las partes debían reunirse, zanjar sus diferencias y resolver la reclamación. A tales efectos, ordenó a las partes que nombraran peritos contables.

De la moción antes señalada se desprende que el 21 de diciembre de 2007, se instó una *"Moción Informativa"* suscrita por las partes informando el nombre de los peritos contables. Sin embargo, posterior a una vista celebrada, el Tribunal de Primera Instancia ordenó que los peritos contables rindieran un Informe donde se establecieran las cantidades facturadas y pendientes de pago por Reliable, haciendo hincapié el foro de instancia, conforme surge de la moción, que fuera a la brevedad posible. Reliable se comprometió en sala a producir a Farmacia un reporte de ciertas denegatorias que alegó MCS había efectuado sobre las facturas de Reliable por servicios prestados por Farmacia. Aunque se recibió el reporte, el 19 de diciembre de 2007, el mismo no contenía ningún documento de MCS, sino un listado de alegadas denegatorias de facturas creado por Reliable.

Posteriormente, se le informó a Farmacia que se le haría llegar el código de acceso al sistema de MCS, llamado, PROVINET, el cual fue recibido el 14 de enero de 2008. Se alega que este código de acceso se había solicitado en numerosas ocasiones sin resultado alguno. Al recibir el código de acceso, Farmacia le requirió a Reliable, por escrito, suministrara el personal con conocimiento del código de acceso para que el personal de Farmacia y los contables pudieran hacer uso eficiente del mismo. Alegadamente, Reliable no contestó este petitorio.

Expresa Farmacia en el escrito que el 24 de enero de 2008, y ante una nueva petición de que Reliable produjera los pagos efectuados, ésta se comprometió, por conducto de Guzmán, a proveer la información en formato electrónico. A la fecha de la moción no se había cumplido con lo anterior, ya que la información alegadamente iba *"a tomar tiempo producirla"*.

Farmacia le planteó al foro de instancia que su representante legal había estado gestionando la información solicitada así como ciertas contestaciones a interrogatorios y solicitud de producción de documentos. Reliable, conforme alegado, no contestó las llamadas. No obstante, una secretaria de la representación legal de Reliable señaló que la contestación a los interrogatorios no estaba lista aún.

A su vez, Farmacia apuntó que había obtenido información a efectos de que Guzmán se estaba beneficiando de dineros recibidos por MCS pertenecientes a terceros en detrimento de las obligaciones contraídas. Finalmente, apuntó que en la vista celebrada pudo demostrar que tenía una reclamación que justificaba la concesión de un remedio a su favor y que contaba con grandes probabilidades de prevalecer. A tales efectos, solicitó, *inter alia*, que se dictara la Orden de Embargo solicitada hasta la suma de $650,000.

El 24 de abril de 2008, Reliable instó Reconvención contra Farmacia y Demanda Contra Tercero contra, entre otras partes, Raúl Sánchez Rodríguez, Zenaida García Lugo y la Sociedad de Bienes Gananciales compuesta por ambas.

Surge de autos que el 22 de abril de 2008, la representante legal de Reliable instó una *"Moción Anunciando Renuncia de Representación"*. Solicitó que se le notificara de todo escrito a Reliable y Guzmán a la dirección provista.

El 6 de mayo de 2008 se celebró una vista, donde se relevó a la abogada de Reliable y Guzmán de la representación legal de éstos. Se autorizó a que el Lcdo. García López asumiera la representación legal de

Reliable y Guzmán. Sin embargo, la representante legal de Farmacia instó una solicitud de descalifiación.

El 10 de junio de 2008, se celebró una vista asistiendo el Lcdo. García López y Mariani, en representación de Reliable y Guzmán. Por parte de MCS comparecieron los Lcdos. Rodríguez García y Durán Nieves.

El 9 de mayo de 2008, Reliable presentó escrito intitulado *"Moción en Solicitud de Término Adicional para Consignar Dineros o Fianza en Garantía"*. Dicho escrito fue suscrito por el Lcdo. García López. Lo anterior, toda vez que en la vista celebrada, se le había concedido término a la parte para que consignara la suma de $205,628.70.

Por su parte, el 2 de junio de 2008, Farmacia presentó una *"Moción Urgente en Solicitud de Orden"*.

Posteriormente, Farmacia presentó una nueva solicitud de Orden de Embargo. Surge de la misma que el 6 de mayo de 2008 en una vista celebrada, Farmacia señaló que Reliable y Guzmán habían reconocido retener ciertos dineros, a saber, $300,000 de pagos hechos por MCS a Reliable por concepto de servicios prestados por Farmacia. Surge del escrito:

*"1. ...Dicha información fue aceptada en dicha vista por Reliable a través de su representación legal alegando lo mismo que ha alegado en innumerables ocasiones desde que se radicó esta demanda y en todas las vistas celebradas en el caso, que MCS le ha solicitado la devolución de pagos hechos por servicios facturados bajo el código J7626 y que retenía el dinero de FLS (Farmacia), ante la posibilidad de que Medical Card System (en adelante MCS) podría en el futuro reclamar la devolución de dineros pagados a Reliable en virtud de su contrato con FLS (Farmacia).*

*2. A esto, el propio Tribunal expresó que bajo esta premisa Reliable nunca tendría que realizar pago alguno a FLS (Farmacia) o a cualquier proveedor. Se le ordenó a Reliable a consignar en o antes del viernes 9 de mayo del 2008, la suma reclamada en a (sic) demanda de $205,628.70 o que se procedería a dictar la orden de embargo solicitada. La demandada Reliable informó al Tribunal que la consignación se haría en o antes de la fecha ordenada.*

*3. La fecha fijada pasó y no se consignó el dinero en el tribunal. Posteriormente, el día 9 de mayo, se radicó un (sic) moción en la que solicitan tres días adicionales para consignar el dinero y a esta fecha aun (sic) no se ha cumplido con la orden del Tribunal. Nuevamente, la parte demandada le hace una falsa representación al Tribunal de que se consignará un dinero para evadir un embargo y queda claramente demostrado que no tiene el dinero y que le pertenece a la demandante FLS (Farmacia).*

*4. La interrogante forzada es dónde está el dinero de FLS (Farmacia) que cobro (sic) Reliable y no puede ahora producir. Se ha manifestado falsamente que se ha retenido un dinero para devolver a MCS que ahora no existe. Lo que está claro, es que ese dinero no se retuvo para devolverselo a MCS, quien además manifestó en corte abierta no haber reclamado antes, ni tener a la presente reclamación alguna a Reliable para que se devuelva dineros pagados con relación al contrato de ésta con FLS (Farmacia).*

*5. Ante el reiterado intento de dilatar este caso y de seguir impidiendo que la demandante cobre lo que le pertenece, se solicita que se dicte inmediatamente la orden de embargo. ..."*.

Véase, págs. 101-102 del Apéndice.

Farmacia instó una *"Moción en Cumplimiento de Orden"*. Con la misma acompañó la suma de $25,000 como fianza para hacer efectivo el embargo preventivo en aseguramiento de sentencia.

A su vez, el 13 de junio de 2008, notificada el 14 de julio de 2008, el Tribunal de Primera Instancia expidió

una Orden declarando, entre otros extremos, Con Lugar la Orden de Embargo solicitada. Dicha Orden fue notificada al Lcdo. Rodríguez García, mas no así al Lcdo. García López. Sin embargo, obra en el expediente una Notificación Enmendada debidamente notificada al representante legal de Reliable y Guzmán.

Inconforme con la determinación del Tribunal de Primera Instancia, Reliable y Guzmán acuden ante nos. Junto con su escrito acompañaron una *"Moción en Solicitud de Orden en Auxilio de Jurisdicción"*. Procedemos a resolver.

## II

En su escrito, Reliable y Guzmán plantean que debe anularse la Orden de Embargo debido a que no fue notificada a ellos previo a su ejecución; al emitir una Orden de Embargo sin considerar los hechos en controversia consignados en la reconvención en el caso de autos y descansar dicha determinación en una supuesta admisión de Reliable y Guzmán, sin considerar la ausencia de méritos de la reclamación instada en el caso; y al imponer una fianza insuficiente para responder por todos los daños que se causen por el embargo.

## III

La Regla 56.1 de las de Procedimiento Civil, *supra*, autoriza a un tribunal a emitir cualquier orden provisional que sea necesaria para asegurar la efectividad de una sentencia siempre que los intereses de todas las partes sean considerados. Así pues, *"[e]n todo pleito antes o después de [dictar] sentencia, por moción del reclamante, el tribunal podrá dictar cualquier orden provisional que sea necesaria para asegurar la efectividad de la sentencia."* Regla 56.1 de las de Procedimiento Civil, *supra*.

Nuestro ordenamiento jurídico establece el citado procedimiento con el propósito de asegurar la efectividad de las sentencias y reivindicar así, no sólo la justicia debida a las partes, sino también la dignidad de la función judicial. *Stump Corp. v. Tribunal Superior*, 99 D.P.R. 179 (1970). Así pues, la facultad conferida por la referida regla es un claro reconocimiento del interés social en que se provean remedios adecuados para el cobro de deudas y reclamaciones, lo que resulta fundamental en una economía como la nuestra, con amplias bases en el crédito personal. *Id.*, a la pág. 184. En atención a ello, las disposiciones que proveen para dicho aseguramiento deben interpretarse con amplitud y liberalidad, concediéndose aquella que mejor asegure la reclamación y menos inconvenientes ocasione al demandado. *Román v. S.L.G. Ruiz*, 160 D.P.R. 116 (2003); *Quilinchini Sucrs., Inc. v. Villa Ana Corp.*, 112 D.P.R. 322 (1982); *Freeman v. Tribunal Superior*, 92 D.P.R. 1 (1965).

A su vez, la Regla 56.4 de las de Procedimiento Civil, *supra*, permite que los tribunales expidan una orden de embargo o prohibición de enajenar para asegurar la efectividad de una sentencia. Conforme reseñado, el procedimiento de embargo, así como la prohibición de enajenar, pueden ser concedidos en todo pleito antes o después de dictarse sentencia. *Vargas Cobián v. González Rodríguez*, 149 D.P.R. 859 (1999).

Simultáneo a la expedición de un remedio provisional, la Regla 56.3 de las de Procedimiento Civil, *supra*, requiere la exigencia de una fianza suficiente para responder por todos los daños y perjuicios que se causen como consecuencia del aseguramiento. Al igual que en la Regla 56.4 de las de Procedimiento Civil, *supra*, la ausencia de su otorgamiento no conlleva automáticamente su invalidez. La referida Regla 56.4 de las de Procedimiento Civil dispone en lo pertinente lo siguiente:

*"Si se hubiera cumplido con los requisitos de la Regla 56.3, el tribunal deberá expedir a moción ex parte de un reclamante, una orden de embargo o de prohibición de enajenar. En el caso de bienes inmuebles, tanto el embargo, así como la prohibición de enajenar, se efectuarán anotándolos en el registro de la propiedad y notificándolos al demandado."*

En aquellos casos en que sea necesaria la celebración de una vista, la jurisprudencia ha establecido las siguientes exigencias de todo procedimiento adversativo para satisfacer los requisitos del debido proceso de ley:

(1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de abogado; y (6) que la decisión esté basada en el récord. *Rivera Rodríguez & Co. v. Lee Stowell, etc., supra*, a la pág. 889.

La citada Regla 56.1 de las de Procedimiento Civil le concede amplia discreción al tribunal para conceder o denegar el remedio solicitado, con la única limitación de que la medida sea razonable y adecuada al propósito esencial de garantizar la efectividad de la sentencia que recaiga en su día. Si bien la Regla 56.1 de las de Procedimiento Civil, *supra,* establece principios generales respecto a la concesión de remedios provisionales y le reconoce discreción al tribunal para concederlos o negarlos, es importante que se tomen en consideración los siguientes criterios para su concesión: (1) que sean provisionales; (2) que tengan el propósito de asegurar la efectividad de la sentencia que en su día se pueda dictar; y (3) que se tomen en consideración los intereses de todas las partes, según lo requiera la justicia sustancial y las circunstancias del caso. Su única limitación es que la medida sea razonable y adecuada al propósito esencial de la misma, que es garantizar la efectividad de la sentencia que en su día pudiera recaer. *F.D. Rich Co. v. Tribunal Superior*, 99 D.P.R. 158 (1970); *Freeman v. Tribunal Superior*, 92 D.P.R. 1 (1965). Por tanto, a pesar de la facultad discrecional que tiene el tribunal para conceder un remedio provisional en aseguramiento de sentencia, la parte que solicita dicho remedio tiene que poner al tribunal en posición de determinar que existen circunstancias que requieren que se adopten las medidas provisionales que solicita.

El propósito del conjunto de medidas que conforma la Regla 56 de las de Procedimiento Civil, *supra*, es conservar el patrimonio del deudor e impedir su traspaso y ocultación, de manera que el acreedor pueda ejecutar satisfactoriamente el mandato judicial.

**IV**

Dentro del marco jurídico antes enunciado, procedemos a resolver la controversia de autos.

En su escrito, Reliable y Guzmán nos señalan como primer error que la Orden de Embargo debe anularse, toda vez que no fue debidamente notificada previo a su ejecución. Apuntan que la Orden de Embargo fue notificada de manera defectuosa el 2 de julio de 2008. Sobre el particular señalan que, como resultado de la falta de notificación de la Orden de Embargo, no pudieron presentar reconsideración ante el Tribunal de Primera Instancia.

No obstante, obra en autos una Notificación Enmendada archivada el 14 de julio de 2008 dirigida al representante legal de Reliable. Somos de opinión que lo anterior subsana cualquier defecto de notificación.

En su segundo error, Reliable y Guzmán nos señalan que incidió el Tribunal de Primera Instancia al emitir una Orden de Embargo sin considerar los hechos en controversia consignados en la reconvención en el caso de autos y descansar tal determinación en una supuesta admisión de los peticionarios, sin considerar la ausencia de méritos de la reclamación instada.

Sobre el particular, surge de la Orden de Embargo que el Tribunal de Primera Instancia señaló que: "*habida cuenta de que en vista celebrada el día 6 de mayo de 2008, la parte demandada (Reliable y Guzmán) aceptó que retenía dineros pertenecientes a la parte demandante (Farmacia) cuyo pago se reclama en la demanda y que en dicha vista, este tribunal ordenó la consignación parcial de la suma reclamada ...en o antes del viernes 9 de mayo de 2008 a lo cual la parte demandada (Reliable y Guzmán) se allanó y a esta fecha no ha cumplido ni ha consigando la suma ordenada*". Ante el incumplimiento de Reliable y Guzmán el tribunal *a quo* accedió al petitorio de Farmacia.

A su vez, surge de la Minuta de la vista en cuestión que Reliable y Guzmán tenían que consignar los dineros en controversia, y de no hacerlo, el foro de instancia podría expedir la Orden de aseguramiento sobre cualquier

bien que tuviera Reliable y Guzmán. Nada surge de dicha Minuta que el representante legal de Reliable y Guzmán solicitara reconsideración alguna. *A contrario sensu* surge de una moción que solicitó término para proceder a realizar la consignación. Tampoco surge de dicho escrito que pretendiera recurrir a este Foro a solicitar la revisión de dicha determinación. Ante lo anterior, somos de opinión que Reliable y Guzmán habían sido apercibidos de las consecuencias de un incumplimiento con la consignación ordenada, la que podría conllevar que se emitiera la Orden de Embargo solicitada por Farmacia. Ante lo anterior, no intervendremos con el dictamen del foro recurrido. Reiteramos que Reliable y Guzmán tenían conocimiento de las consecuencias de no cumplir con la Orden del Tribunal de Primera Instancia dada en la vista mencionada.

En tercer lugar, se nos plantea que la fianza impuesta es insuficiente para responder por todos los daños que se causen por el embargo.

Es norma en esta jurisdicción que:

*"Al fijar la fianza para el embargo, el tribunal debe ponderar una serie de factores, entre los cuales pueden sugerirse los siguientes: cuán fundamental es la utilidad que el bien a embargarse sirve al demandado; la solidez de los fundamentos que prima facie sostienen la reclamación del demandante; y si el aseguramiento solicitado es el menos oneroso para garantizar la efectividad de la sentencia que pueda recaer. Todo esto atendiendo el mandato de la Regla 56.3 de estimar los posibles daños que se causarían al demandado y a la exigencia de la Regla 56.1 en cuanto prescribe que se dé consideración a los intereses de todas las partes según lo requiera la justicia sustancial. Mantenemos así un principio antiguo en esta jurisdicción, cual es, que se garanticen los derechos del reclamante de la manera menos gravosa para el demandado."*

*Vda. de Galindo v. Carro,* 108 D.P.R. 277, 282 (1979) (citas y nota al calce suprimidas).

No obstante, el ordenamiento procesal y sustantivo no exige que el monto de la fianza sea el doble del monto de la orden de embargo, sólo requiere que --como ya queda mencionado--, sea suficiente para cubrir el posible daño que tal aseguramiento pueda ocasionar en su ejecución, en caso de que el demandante-embargante no prevalezca en su acción o el embargo exceda el monto de la sentencia. Por tanto, los datos importantes a ser considerados por el Tribunal siempre será: 1) la posibilidad de prevalecer del reclamante-embargante, 2) la cantidad máxima del embargo, y 3) qué bienes del demandado se van a embargar.

En el caso de autos, luego de evaluar la prueba presentada en la vista el tribunal *a quo* estimó que el monto de la fianza era de $25,000. No encontramos razón alguna para variar el monto de la fianza, máxime cuando de autos surge que Reliable y Guzmán se allanaron a que retenían dineros pertenecientes a Farmacia.

## V

Por los fundamentos que anteceden, se deniega la expedición del auto solicitado así como la *"Moción en Solicitud de Orden en Auxilio de Jurisdicción"*, presentada.

Notificar inmediatamente por fax y por la vía ordinaria.

Así lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones