JosÉ M. Alonso García, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* Comisión Industrial de Puerto Rico, etc., demandada; Bristol Alpha Corporation, interventora.

*Número:* O-75-61     *Resuelto:* 28 de mayo de 1975

*Jorge Márquez Gómez* y *María Perales,* abogados del recurrente; *McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz-Suria* y *Lydia González Figueroa,* abogados de la interventora.

El Juez Asociado Señor Dávila emitió la opinión del Tribunal.

Margarita Pizá Lugo trabajaba como supervisora de un grupo de operarias en la fábrica de la Bristol Alpha Corp., patrono asegurado con el Fondo del Seguro del Estado. El 15 de noviembre de 1971 radicó ante el Administrador del Fondo un informe de accidente de trabajo en el cual alegó que sufría de asma bronquial. El Administrador negó relación causal entre la condición y el empleo.

Para el 21 de julio de 1972 la obrera radicó un nuevo informe en el que alegó que nunca había padecido de asma hasta que empezó a trabajar con la Bristol. Luego de practicársele un examen por un médico alergista, el Administrador reconoció la relación causal entre el empleo y la condición asmática

de la obrera, declarándola compensable. Determinó que la exposición diaria de la empleada al polvo de la penicilina precipitó la conversión de una alergia latente en rinitis y de ahí en asma bronquial. Debido a esa determinación el patrono radicó escrito en apoyo de su capacidad para comparecer ante la Comisión Industrial y solicitó fecha y hora para ser oído. El 16 de mayo de 1974 la Comisión Industrial por resolución dividida dejó sin efecto la decisión del Administrador y ordenó a éste la celebración de una vista administrativa para que el patrono pudiese presentar prueba en apoyo de su contención: que la enfermedad de la obrera no había sido contraída en el curso del empleo. El Administrador solicitó reconsideración, la cual fue denegada el 23 de enero de 1975. Acude ante nos en solicitud de revisión.

El patrono en el caso de autos basa erróneamente su capacidad jurídica para comparecer ante la Comisión Industrial en los Arts. 10 y 15 de la Ley de Compensaciones por Accidentes del Trabajo. Sostiene que la determinación del Fondo puede tener el efecto de aumentar las primas que paga por su póliza. El Art. 10, 11 L.P.R.A. sec. 11, enumera en forma taxativa quiénes tienen capacidad jurídica para recurrir ante la Comisión Industrial cuando no estuvieren conformes con los pronunciamientos del Fondo. Podrán apelar: el obrero o empleado, sus beneficiarios y en los casos de patronos no asegurados, tanto éste como el obrero. (¹) El Art. 15, 11

---

(¹) Así reza dicho artículo en su parte pertinente:

. . . "Si el obrero o empleado, o sus beneficiarios, no estuvieren conformes con la decisión dictada por el Administrador del Fondo del Seguro del Estado en relación con su caso, podrán apelar para ante la Comisión Industrial dentro de un término de treinta (30) días después de haber sido notificados con copia de la decisión del Administrador, y el caso se señalará para ser oído por un Comisionado o por la Comisión Industrial; Disponiéndose, que en los casos de patronos no asegurados tanto el obrero como el patrono podrán acudir a la Comisión Industrial una vez declarado no asegurado el patrono por el Administrador, teniendo el patrono un término de treinta (30) días para apelar de la decisión del Administrador declarándolo no asegurado, y el caso podrá ser visto por la Comisión Industrial, o

L.P.R.A. sec. 16, establece un procedimiento para el caso en que un obrero con un patrono no asegurado se vea precisado a utilizar los servicios del Fondo. (²) En tal caso el obrero y el patrono tienen, por ley, derecho a ser oídos en la Comisión Industrial. Ni el Art. 10 ni el Art. 15 hacen mención alguna del patrono asegurado. Y es que el patrono asegurado está protegido por la póliza expedida por el Fondo. Tiene inmunidad absoluta contra pleitos, y el único remedio que tiene el obrero es el que le concede la Ley de Compensaciones por Accidentes del Trabajo. *Cortijo Walker* v. *Fuentes Fluviales*, 91 D.P.R. 574, 582 (1964); *Vda. de Andino* v. *A.F.F.*, 93 D.P.R. 170, 181 (1966); *Rosario Crespo* v. *A.F.F.*, 94 D.P.R. 834, 850 (1967), *Cruz Rodríguez* v. *A.A.A.*, 101 D.P.R. 269 (1973).

Un patrono no asegurado, por el contrario, es parte indispensable en un procedimiento ante el Fondo puesto que estará perjudicado directamente por cualquier decisión que este organismo tome. Por eso la ley le otorga la capacidad para comparecer ante la Comisión Industrial y ser oído.

■ En realidad, el patrono en el caso de autos lo que ataca no es un futuro aumento de primas, como alega, (³) sino la determinación de compensabilidad de la condición asmática de Margarita Pizá Lugo. Determinación que hizo el Fondo basada en testimonio médico. El Art. 3, según enmendado, 11 L.P.R.A. sec. 3, considera como compensables, además de las enfermedades específicamente enumeradas "todas aquellas en-

---

por uno de sus Comisionados, siguiéndose en este último caso el procedimiento que más adelante se dispone. . . ."

(²) Parte del Art. 15 dice así:

". . . Disponiéndose, además, que la Comisión Industrial dará, tanto al patrono como al obrero o empleado, en el caso, oportunidad de ser oídos y defenderse. . . ."

(³) Cualquier patrono que fuere perjudicado por un aumento en las primas que habrán de regir en su industria tiene la protección del procedimiento establecido por la Ley de Compensaciones por Accidentes del Trabajo que provee vistas públicas al efecto y ofrece la oportunidad de solicitar revisión de las determinaciones del Administrador con respecto al aumento en las primas y a los cambios en clasificaciones. 11 L.P.R.A. sec. 25.

fermedades que se contraigan en el curso del trabajo, como consecuencia de un riesgo peculiar a la industria, proceso, ocupación o empleo. . . ." Es patente que la condición padecida por la obrera es una cobijada por las disposiciones del Art. 3 antes mencionado. La prueba pericial sostiene esta determinación.

*Por los fundamentos expuestos, se revocará la resolución de la Comisión Industrial de 16 de marzo de 1974 y se dictará otra desestimando la apelación interpuesta por el patrono.*