*804 TEXTO COMPLETO DE LA RESOLUCIÓN
La peticionaria Coral Corp. (Coral) nos pide que revisemos por vía del certiorari, una Resolución u Orden de Embargo dictada por el Tribunal de Primera Instancia, a favor del Banco Popular de Puerto Rico (Banco Popular). Sostiene que erró el referido foro al dictar la referida orden sin celebrar vista y al hacerlo contra la peticionaria, como medida de sanción.
Por los fundamentos que discutiremos, se deniega la expedición del recurso de certiorari solicitado.
I
El recurrido, Banco Popular, presentó demanda jurada de cobro de dinero, ejecución simultánea de prendas y gravámenes inmuebles, ejecución de garantías personales y otros remedios, contra Coral Corp. y Edgardo Rivera (codemandado Rivera). En cuanto a las causas de acción sobre cobro de dinero contra Coral, adujo en la demanda que éstas surgen en virtud de los préstamos núm. 24008-0001/09999 y 2000081-9003. Solicitó el pago de las sumas adeudadas consolidadas de $5,735,661.38, así como el interés diario acumulado sobre los préstamos 0001 y 9003. Dichas sumas consolidadas se componen de las siguientes partidas: $5,270,486.08 de principal adeudado y $379,60_.26 de interés diario acumulado sobre el préstamo 0001 al 26 de diciembre de 2008 y $85,215.04 de principal adeudado sobre el préstamo 9003 al 28 de enero de 2009. Además, el Banco Popular solicitó que se condenara a Coral a pagar la suma pactada del 10% de las cantidades principales garantizadas por hipotecas sobre inmueble, ascendente a $547,500.00 para costas, gastos y honorarios de abogados para el caso de reclamación judicial o ejecución de hipoteca, así como las costas, gastos y los intereses legales posteriores a la sentencia que se continúen generando hasta el pago final de las mismas y todos los gastos en que haya incurrido el Banco en el cobro de dicha deuda, incluyendo honorarios de abogado.
Como anejos a la demanda, el Banco Popular incluyó copia de los documentos acreditativos de los contratos de préstamo y sus enmiendas, de gravamen inmobiliario, garantía limitada y continua, hipoteca en garantía de pagaré e hipoteca en garantía de pagaré con modificación del término prescriptivo y documento de prenda. Tanto Coral como el codemandado Rivera fueron emplazados personalmente el 24 de febrero de 2009.
El 10 de marzo de 2009, el Banco Popular solicitó que se señalara una vista sobre embargo en aseguramiento de sentencia contra la parte demandada. Argüyó que su acreencia es líquida, vencida y es exigible y que se había sometido demanda jurada, de la cual surgen las obligaciones incumplidas. Sostuvo, además, que los documentos sometidos cumplen con la norma de Stowell, infra, para la concesión de un embargo ex parte. Asimismo, sostuvo que la demanda y los documentos sometidos demuestran indubitadamente la deuda acumulada de $5,735,661.38, suma que es cierta y determinada y, por consiguiente, líquida. A tenor, solicitó una orden de embargo sobre todas las cuentas bancarias de Coral y del codemandado Rivera, así como bienes propiedad de este último. Solicitó, además, el embargo de todos los dineros y cuentas por cobrar, presentes y futuros que se generen por concepto de cánones de arrendamiento, en los contratos presentes y futuros, sobre todos los locales comerciales ubicados en el Centro Comercial Plaza del Mar, sus modificaciones, renovaciones y sustituciones. Pidió también que se le ordenara a terceros, bajo apercibimiento de desacato, que retuvieran el pago todos los fondos en su posesión, obligación de pago, comisión, dinero, valor, rentas o cuentas por pagar, pertenecientes a cualquiera de los codemandados, incluyendo las rentas y *805 cuentas por cobrar del Centro Comercial Plaza del Mar. Los terceros contra quienes se solicitó la referida orden fueron: Subway; McDonald’s; Olga Iris Alicea Román; Laboratorio Clínico Plaza del Mar, Inc.; My Learning Center, Inc.; Melvin Torres Llanos; y Nilza Iris Santiago Alvarez d/b/a Professional Drug.
Tanto Coral como el codemandado Rivera solicitaron prórroga para presentar sus alegaciones responsivas mediante moción de 12 de marzo de 2009.
El foro primario señaló vista para el 28 de abril de 2009 y le concedió un término improrrogable de 20 días a Coral y al codemandado Rivera para contestar la demanda, mediante resolución notificada el 2 de abril de 2009.
El 30 de marzo de 2009, el Banco Popular solicitó que se adelantara la fecha de la vista sobre los remedios provisionales. Sostuvo que dicha entidad sufre graves perjuicios y pérdidas económicas debido al incumplimiento de los demandados. Dicha solicitud fue declarada sin lugar el 7 de abril de 2009.
El 21 de abril de 2009, Coral anunció representación legal y presentó otra solicitud de prórroga para contestar la demanda. Al día siguiente, solicitó la suspensión de la vista señalada sobre remedios provisionales, por conflicto de calendario del abogado. A dicha solicitud se opuso el Banco Popular, cuya parte adujo, además, que procede la concesión de un embargo ex parte, conforme a lo dispuesto por las Reglas 56.2, 56.3 y 56.4 de las de Procedimiento Civil. Citó en su apoyo además, lo enunciado por el Tribunal Supremo en Rivera Rodríguez v. Stowell, 133 D.P.R. 881 (1993). Así pues, sostuvo que era innecesario suspender la vista señalada, pues procedía la concesión de un embargo ex parte a favor del Banco Popular. Con la referida moción en oposición, el Banco Popular acompañó varias comunicaciones.
El 26 de abril de 2009, el codemandado Rivera sometió una moción anunciando representación legal y solicitando una nueva prórroga para contestar o replicar. Dicha prórroga fue concedida.
El 28 de abril de 2009 se celebró la vista de embargo, en la cual las partes llegaron a ciertos acuerdos con relación al embargo solicitado. En virtud de dichos acuerdos, el foro primario dictó orden el 13 de mayo de 2009, notificada el 21 de mayo de 2009, ordenando a los codemandados, bajo apercibimiento de desacato, depositar a partir del mes de mayo de 2009, en o antes del 15 de cada mes, en la cuenta que mantiene Coral con el Banco Popular la suma de $18,835.77, la cual resulta de los cánones de arrendamiento de los contratos vigentes entre Coral y los inquilinos en el Centro Comercial de Plaza del Mar. Se dispuso también que de Coral contratar arrendamientos nuevos, depositaría el pago nuevo correspondiente al canon de arrendamiento acordado con cada inquilino nuevo conforme con lo aquí estipulado. El Banco quedó autorizado a acreditar de la cantidad correspondiente depositada, según antes detallada, a los intereses acumulados adeudados al Préstamo 0001. Se estableció que el acuerdo se hacía sin perjuicio de las posiciones que tengan las partes del caso en sus méritos.
Se anunció que las partes intentarían llegar a acuerdos para lograr una transacción parcial o total del litigio y se acordaron fechas de reunión; disponiéndose, que si no lograban transigir sus diferencias, los codemandados presentarían sus alegaciones responsivas antes del 25 de junio de 2009. No obstante ello, mediante moción de 3 de julio de 2009, Coral nuevamente solicitó una prórroga para contestar la demanda. El 6 de julio de 2009, el codemandado Rivera hizo lo propio.
El 9 de julio de 2009, el Banco Popular presentó una moción solicitando la imposición de sanciones a Coral y al codemandado Rivera. Sostuvo que al 6 de julio de 2009, sólo había disponible en la cuenta en la que se habrían de depositar $18,835.77 a partir del mes de mayo, la suma de $13,980.00, los que había retenido como abono a lo adeudado. En virtud de ello, solicitó la imposición de sanciones a los codemandados y que se señalara con carácter de urgencia una vista para fijar remedios provisionales; específicamente, solicitó que se *806 concedieran los remedios provisionales que había solicitado en su moción de 10 de marzo de 2009. Por último, expresó que a pesar de que se habían fijado unas fechas para reunirse para lograr acuerdos, ello no se había logrado, ni las partes habían presentado sus contestaciones a la demanda, según se había acordado.
El foro primario concedió 20 días adicionales a los codemandados para contestar la demanda [1] y dictó orden concediendo diez días a Coral y al codemandado para mostrar causa por el incumplimiento de la orden dictada, según lo aducido por el Banco Popular en su solicitud para que se le impusieran sanciones. Coral solicitó tiempo para cumplir con la orden de mostrar causa. El foro recurrido le concedió 20 días el 19 de agosto de 2009, notificada el 25 de agosto siguiente.
El 19 de octubre de 2009, se celebró continuación de vista sobre el Estado de los Procedimientos, a la cual no compareció la peticionaria Coral, ni el codemandado Rivera, ni sus respectivas representaciones legales, por lo que el foro primario dictó orden de mostrar causa contra ambos codemandados. En cuanto a Coral, se dispuso que debía mostrar causa en el término de 10 días por la que no debían eliminarse las alegaciones por el incumplimiento de la orden del Tribunal. [2] En la vista, el Banco Popular solicitó que, ante el incumplimiento de Coral y del codemandado Rivera, procedía imponer sanciones. Asimismo, solicitó una nueva orden de embargo contra los inquilinos, para que depositasen la renta de ahora en adelante en el tribunal. El foro recurrido declaró con lugar la solicitud de orden de embargo del Banco Popular.
El 29 de octubre siguiente, el foro de primera instancia dictó la orden de embargo recurrida y expidió el 3 de noviembre de 2009, el mandamiento de embargo, que dio lugar al recurso presentado ante nos. En dicha orden se dispuso el embargo de fondos en posesión de terceros, desde el 1ro. de noviembre de 2009 en adelante, específicamente sobre todo pago por rentas, mantenimiento u algún otro concepto adeudado por todos y cada uno de los inquilinos del Centro Comercial presentes y que en el futuro sean contratados con relación a todos y cualesquiera locales comerciales localizados en el Centro Comercial, los cuales serán depositados en Secretaría del Tribunal, todos los cuales serán notificados. Mediante la orden además, se liberó al Banco Popular de prestar fianza, por ser acreedor de una obligación que es legalmente exigible y que surge en documentos privados, según definidos por ley, firmados ante una persona autorizada para administrar juramentos.
En virtud de la referida orden, además, se ordenó depositar a todos y cada uno de los inquilinos del Centro Comercial presentes y que en el futuro sean contratados con relación a todos y cualesquiera locales comerciales localizados en el Centro Comercial, desde el 1ro. de noviembre de 2009, todo pago por rentas, mantenimiento o cualquier otro concepto adeudado en el que tenga interés la peticionaria Coral o el codemandado Rivera en conjunto o individualmente.
Ante nos, Coral sostiene que no procedía la orden de embargo sin la celebración de vista, ni que se dictara ésta como sanción. Sostiene que toda parte contra quien se pretende diligenciar un embargo provisional, tiene un derecho a ser notificado y a que se celebre una vista judicial previo al embargo, aunque sea provisional, con lo cual incumplió el foro recurrido. Expresa que las medidas provisionales pueden tener serias consecuencias económicas, por lo que el tribunal está compelido a considerar los intereses de todas las partes. Aduce que la parte promovente tiene el deber de establecer a satisfacción del tribunal la procedencia del remedio que solicita demostrando que existen circunstancias extraordinarias que requieren que se tomen las medidas provisionales que se solicitan, con lo que no ha cumplido el Banco Popular. Así pues, sostiene que el Banco Popular no ha demostrado que la parte demandada está dilapidando bienes; que de no obtenerse inmediatamente el embargo o la prohibición de enajenar se podrá agravar, enajenar, esconder o destruir los bienes objeto del afianzamiento, ni que exista riesgo real de que ésta disponga de los mismos. Aduce que Coral es una empresa con más de 5 años de existencia haciendo negocios en Puerto Rico. Además, sostiene que en una vista, el foro primario hubiese constatado que no procede el embargo preventivo, o que de concederse un embargo debe levantarse a bienes inmuebles de tal manera que no se afecten las operaciones de la empresa, pues su propósito no debe ser quebrar a la peticionaria Coral.
*807 Por último, Coral aduce que la orden de embargo fue una medida de sanción que no procede contra Coral, pues existen medidas menos drásticas para penalizar a un abogado que incumple con las órdenes del Tribunal, tales como imponerle sanciones al propio abogado. Asimismo, insiste que el expediente no demuestra que la peticionaria fuese contumaz en la tramitación de este litigio, ni que su propósito fuese el de dilatar los procedimientos. Expresa que emitir un embargo sin vista contra la peticionaria Coral “parece ser producto de una desafortunada coincidencia, no de un acto intencional de desacatar las órdenes del Honorable Tribunal de Instancia”.
Coral acompañó con su escrito de certiorari una moción en auxilio de jurisdicción, en la que solicitó que dejemos sin efecto o paralicemos la resolución y orden dictada, así.como los procedimientos ante el Tribunal de Primera Instancia.
Concedimos breve término al Banco Popular para comparecer a oponerse a la moción en auxilio de jurisdicción y al recurso presentado. Con el beneficio de su comparecencia, resolvemos.
n

Remedios Provisionales en Aseguramiento de Sentencia: Embargo

La Regla 56.1 de las de Procedimiento Civil, 32 LPRA, Ap. Ill, R. 56.1, autoriza al tribunal a dictar en todo pleito, antes o después de la sentencia, cualquier orden provisional que sea necesaria para asegurar el cumplimiento de la sentencia. BBVA v. S.L.G. López, Sasso, 168 DPR 700 (2006).
Entre las medidas que el tribunal puede ordenar para asegurar la sentencia que en su día se dicte, se encuentra el embargo de bienes del demandado. Regla 56.1 de Procedimiento Civil, supra; Rivera Rodríguez & Co. v. Lee Stowell, Taylor, 133 DPR 881, 894 (1993).
Según nuestra jurisprudencia, el embargo:
“Es una interdicción jurídica en el patrimonio del deudor, decretada a petición ex parte del acreedor reclamante. Uno de sus efectos procesales es el de sujetar o adscribir los bienes embargados al cumplimiento de la obligación o reclamación en el proceso principal, es decir, asegurar la efectividad de la sentencia que haya de dictarse en el caso de prosperar la acción ejercitada. Como medida cautelar o asegurativa, su vida o eficacia depende de la acción entablada.” Alum Torres v. Campos del Toro, 89 DPR 305, 321 (1963).
El embargo tiene como propósito preservar los bienes del deudor e impedir su traspaso y ocultación, de manera que quien reclame un derecho contra éste, pueda ejecutar satisfactoriamente un mandato judicial. García v. The Commonwealth Ins. Co., 118 DPR 380 (1987); Vda. de Galindo v. Cano, 108 DPR 277, 280-281 (1979).
Como regla general, el tribunal no podrá ordenar ningún remedio provisional, sin la prestación de una fianza que responda por los daños que le pueda causar a la persona afectada por dicho remedio y sin la celebración de una vista. Reglas 56.2 y 56.3 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 56.2 y 56.3; Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 DPR 881, 896 (1993). Para controlar las consecuencias que puede generar la intromisión en la propiedad o la libertad de acción de una parte, la jurisprudencia ha fijado los criterios que deben guiar a los tribunales en el sano ejercicio de su discreción al conceder los remedios provisionales y de aseguramiento de sentencia que reclame una parte. Estas medidas son: (I) de naturaleza provisional; (2) tienen el propósito de asegurar la efectividad de la sentencia que en su día se pueda dictar; y (3) deben tomar en consideración los intereses de todas las partes, según lo requiere la justicia sustancial y las circunstancias del caso. Freeman v. Tribunal Superior, 92 D.P.R. 1, 25-26 (1965). Por tanto, la parte que *808 solicita el remedio provisional tiene que poner al tribunal en posición de ejercer su discreción en la adopción de una medida razonable que garantice la efectividad de la sentencia que en su día pueda recaer a favor del demandante. F.D. Rich Co. v. Tribunal Superior, 99 D.P.R. a la pág. 176; Freeman v. Tribunal Superior, 92 D.P.R. a las págs. 25-26.
El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá según requiera la justicia sustancial. Además, de conformidad con la Regla 56.2, “[n]o se concederá, modificará, anulará, ni se tomará providencia alguna sobre un remedio provisional, sin notificar a la parte adversa y sin celebrar una vista, excepto según se dispone en las Reglas 56.4 y 56.5”. 32 L.P.R.A. Ap. Ill, R. 56.2.
Por su parte, la Regla 56.3, supra, se refiere a los casos en que procede o no imponer una fianza al conceder un remedio provisional. En su parte pertinente dispone:
“En caso que el tribunal conceda el remedio provisional sin la prestación de fianza conforme lo dispuesto en esta regla, podrá excluir en su orden determinados bienes.
En todos los demás casos, el tribunal exigirá la prestación de una fianza suficiente para responder por todos los daños y perjuicios que se causen como consecuencia del aseguramiento. Un demandado o querellado podrá, sin embargo, retener la posesión de bienes muebles embargados por un demandante o reclamante, prestando una fianza por tal suma que el tribunal estime suficiente para responder por el valor de dicha propiedad.”
Por otro lado, la jurisprudencia ha establecido, como regla general, que en todo caso en que se solicite algún remedio provisional, se deberá notificar a la parte adversa y celebrar una vista previa, Regla 56.2, y se deberá exigir la prestación de fianza, Regla 56.3. Este requisito es igualmente aplicable a los embargos, como remedio provisional para aseguramiento de la efectividad de la Sentencia. Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 D.P.R. 881, 896 (1993). No obstante, este requisito puede ser dispensado cuando la obligación surge de un documento público o fehaciente, o se trata de un litigante insolvente o se gestiona el remedio luego de emitida una Sentencia final. Ramos v. Colón, 153 D.P.R. 534 (2001); Feliciano Figueroa v. Toste Piñero, 134 D.P.R. 909 (1993); M. Quilinchini Sucrs. Inc. v. Villa Inv. Corp., 112 D.P.R. 322 (1982); Reyes v. Oriental Fed. Savs. Bank, 133 D.P.R. 15 (1993); Bucaré Management v. Arriaga García, 125 D.P.R. 153 (1990). Así pues, sólo se puede dispensar de esa vista previa, según le permite la Regla 56.4, en casos en que el reclamante alegue y pruebe: (1) que tiene un previo interés propietario, como una hipoteca, arrendamiento financiero o situación de copropiedad en el bien embargado, (2) que existen circunstancias extraordinarias que justifican el embargo sin vista previa, y (3) la probabilidad de prevalecer en el litigio establecida dicha probabilidad mediante prueba documental fehaciente que establezca una deuda líquida, vencida y exigible, Rivera Rodríguez & Co. v. Lee Stowell, etc., 103 D.P.R. 881, 899 (1993).
Por último, cabe destacar que los Tribunales de Instancia cuentan con amplia discreción para emitir este tipo de órdenes, sujeto a que la medida adoptada sea razonable. Vda. de Galindo v. Cano, 108 D.P.R. 277 (1979); F.D. Rich Co. v. Tribunal Superior, 99 D.P.R. 158 (1970). Las disposiciones que proveen para el aseguramiento de sentencia deben ser interpretadas con amplitud y liberalidad, concediéndose aquella que mejor asegure la reclamación y que cause menos inconvenientes al demandado. Román Fonseca v. S.L.G., 160 D.P.R. 116 (2003).
ffl
Resulta claro que en todo pleito, antes o después de la sentencia, el tribunal podrá conceder cualquier orden *809 provisional que sea necesaria para asegurar la efectividad de una sentencia. Vargas Cobián v. González Rodríguez, 149 D.P.R. 859 (1999).
La facultad conferida por la referida regla es un claro reconocimiento del interés social en que se provean remedios adecuados para el cobro de deudas y reclamaciones, lo que resulta fundamental en una economía como la nuestra, con amplias bases en el crédito personal. Román Fonseca v. S.L.G., 160 D.P.R. 116 (2003); Stump Corp. v. Tribunal Superior, 99 D.P.R. 179 (1970). En atención a ello, las disposiciones que proveen para dicho aseguramiento deben interpretarse con amplitud y liberalidad, concediéndose aquella que mejor asegure la reclamación y menos inconvenientes ocasione al demandado. Román Fonseca v. S.L.G., supra; Quilinchini Sucrs., Inc. v. Villa Ana Corp., 112 D.P.R. 322 (1982); Freeman v. Tribunal Superior, 92 D.P.R. 1 (1965).
Ahora bien, esta medida requiere cuidadosa supervisión judicial. Según indicó nuestro Tribunal Supremo en el caso Domínguez Talavera v. Tribunal Superior, 102 D.P.R. 423, 427 (1974), la supervisión por el poder judicial del procedimiento de embargo es la garantía máxima de corrección y resguardo de los derechos del deudor. “En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dictará sentencia, según lo requiera la justicia sustancial.” Id.
En el caso ante nuestra consideración, el Tribunal de Primera Instancia intentó celebrar una vista, que se convirtió en una vista ex parte, según le permite la Regla 56.4 sujeto a los estrictos requisitos de Lee Stowell. Coral estaba debidamente citada a la vista. No obstante, dicha parte no compareció por razón de enfermedad del abogado que quedó debidamente acreditada.
Fue así que el Tribunal aquí impugnado celebró la vista ex parte y ordenó el embargo de los pagos de cánones de arrendamiento que, según aduce el Banco Popular, están gravados con gravamen mobiliario continuo a favor de dicha entidad bancaria. Según sostiene, Coral le concedió al Banco Popular un gravamen mobiliario continuo sobre todos los dineros y cuentas por cobrar, presentes y futuras, sobre todos los locales comerciales ubicados en el Centro Comercial Plaza del Mar, sus modificaciones, renovaciones y sustituciones. Asimismo, le concedió al Banco Popular el derecho exclusivo a cobrar las mismas y acordó que los pagos, abonos o cualquier suma de dinero recibida por el deudor en cualquier momento para ser abonada a las cuentas por cobrar grabadas en este contrato, serán recibidas por el Deudor como propiedad de la parte asegurada y serán entregados a la parte asegurada con los endosos que sean necesarios para efectuar la transferencia. Coral autorizó también al Banco Popular a cobrar directamente a los inquilinos las cuentas por cobrar sobre los locales en el Centro Comercial. De ahí que aduce tener un interés propietario sobre los bienes cuyo embargo solicita.
En Rivera Rodríguez & Co. v. Lee Stowell, supra, el Tribunal Supremo declaró inconstitucional la Regla 56.4, en tanto permitía que un tribunal expidiera una orden de embargo sin la celebración de una vista previa, en aquellas ocasiones en que el reclamante no alegara o demostrara que tenía un interés propietario previo sobre la cosa embargada; no alegara o demostrara la existencia de circunstancias extraordinarias, ni alegara o demostrara la probabilidad de prevalecer mediante prueba documental fehaciente de la cual surgiera que la deuda era líquida, vencida y exigible. En esa ocasión, el Tribunal Supremo expuso que el interés propietario previo sobre bienes inmuebles o muebles del deudor se configura cuando existen, entre otras situaciones, “hipotecas, ventas condicionales, arrendamientos financieros (leasing) y la situación de copropiedad que se presenta en casos de división judicial de bienes gananciales". Rivera Rodríguez & Co. v. Lee Stowell, supra, a la pág. 899, nota 17.
En síntesis, las reclamaciones del Banco Popular sugieren que se invocan las excepciones a las que refiere la doctrina que están disponibles para lograr obtener un remedio provisional en aseguramiento de sentencia sin previa notificación o vista, entiéndase, de manera ex parte. El Banco Popular alegó que procedía la concesión de una medida de aseguramiento de sentencia debido a que tiene probabilidad de prevalecer y que la prueba que *810 ha aportado es “prueba documental fehaciente” de ello. Por otra parte, destacamos que en este caso medió notificación a la parte adversa en relación a la solicitud de concesión de embargo en aseguramiento de sentencia; más aún, la propia parte peticionaria había accedido a la imposición de las mismas medidas impuestas por la orden de embargo, mediante el acuerdo al que voluntariamente se sometió y que fue adoptado mediante orden del foro primario de 13 de mayo de 2009, notificada el 21 de mayo de 2009.
Por lo general, los tribunales revisores no intervienen con el manejo de los casos por el Tribunal de Primera Instancia, "salvo que se demuestre que hubo un craso abuso de discreción o que el tribunal actuó con p[re]juicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". Zorniak Air Services v. Cessna Aircraft Co., 132 D.P.R. 170, 181 (1992). En cuanto al alcance de la discreción que ampara al Tribunal de Primera Instancia en la tramitación de los casos, también se ha reconocido bastante amplitud, más aún cuando se trata del manejo de casos complejos. Vives Vázquez v. E.L.A., 142 D.P.R. 117, 141 (1996).
En nuestro ordenamiento jurídico se ha entendido que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 658 (1997); Pueblo v. Ortega Santiago, 125 D.P.R. 203, 211 (1990); Pueblo v. Sánchez González, 90 D.P.R. 197, 200 (1964). Dentro del ámbito judicial, el concepto de discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". Pueblo v. Sánchez González, supra; Bco. Popular de P.R. v. Mun. de Aguadilla, supra.
Ejercida su discreción, en ausencia de abuso de ésta, arbitrariedad, o error en la aplicación de la norma vigente, estamos llamados a no intervenir con el referido dictamen. Somos del criterio que el Tribunal de Primera Instancia ejerció razonablemente su discreción al resolver como lo hizo. Procede, por tanto, denegar la expedición del recurso presentado.
Por los fundamentos discutidos, se deniega la expedición del recurso presentado por Coral y en consecuencia, se declara sin lugar la moción en auxilio de jurisdicción sometida.
Adelántese por fax, correo electrónico o teléfono y notifíquese por la vía ordinaria.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2010 DTA 25

. El 18 de septiembre de 2009, Coral presentó su alegación responsiva.

. En respuesta a la orden de mostrar causa, el representante legal de Coral sometió una moción, en la que expuso las razones de enfermedad por las cuales estuvo impedido de comparecer a la vista. Acompañó con su comparecencia copia de varios documentos médicos que acreditaron la condición de salud que le impidió asistir a la vista celebrada.